PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. LUIS PEÑA RAMOS, Defendant and Appellant.

No. 3606.   Argued January 30, 1929.—Decided July 16, 1929.

*C. Iriarte* and *M. A. Martínez Dávila* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The first three grounds of the present appeal are in substance that the court below erred in charging the jury as to the meaning of the words "public moneys" as used in section 372 of the Penal Code, in charging the jury as to the elements of the crime in question, and in charging the jury upon the question of reasonable doubt.

The district judge told the jury that the words "public moneys" had been defined by statute and quoted in full section 375 of the Penal Code.   The objection now urged by appellant is that the statutory definition is not sufficiently clear and that the trial judge should have explained to the jury the scope and meaning thereof.

Appellant concedes that what the court below said about the elements of the offense was correct.

The criticism is that the judge in order to avoid misleading the jury should have established definite lines of demarcation between the crime of defrauding the public revenues and other similar offenses such as larceny, theft of use and embezzlement.

The definition of reasonable doubt in the instructions to

the jury is challenged only upon the ground that it is incomplete. The theory of appellant is that the trial judge should have told the jury that they might acquit the defendant upon any reasonable theory compatible with the evidence and with the innocence of the accused. This, of course, amounts to an invocation of the familiar rule in cases of circumstantial evidence to the effect that the facts shall not only be consistent with the theory of defendant's guilt but must exclude every other reasonable hypothesis.

None of these matters was brought to the attention of the trial judge. No exceptions were taken to the instructions as given and no request was made for further instructions, notwithstanding a direct inquiry by the trial judge as to whether or not anything more was desired. It is doubtful, to say the least, whether a refusal to state the rule as to circumstantial evidence, even if such a charge had been requested, could have been regarded as reversible error.

In the absence of any exception taken at the trial or of any request for additional or special instructions minor omissions and deficiencies in the instructions as given can not be successfully urged on appeal as a ground of reversal. *People* v. *Boria,* 12 P.R.R. 166; *People* v. *Llauger,* 14 P.R.R. 534; *People* v. *Concepción,* 30 P.R.R. 443, and *People* v. *Valentín,* 36 P.R.R. 386.

The fourth and last contention of appellant is that the court below erred in not directing a verdict of acquittal. It did not occur to the attorney who represented defendant at the time of the trial to move for such a direction of the verdict and, after careful consideration of the argument contained in the brief for appellant, we are unable to concur in the conclusion drawn by counsel from the evidence as a whole as to the duty of the trial judge to order a verdict of not guilty.

The judgment appealed from must be affirmed.